

1  Robert A, Jones, State Bar No. 107839
   robert.jones@ogletreedeakins.com
2  Michael J. Nader, State Bar No. 200425
   michael.nader@ogletreedeakins.com,
3  Erica K. Rocush, State Bar No. 262354
   erica.rocush@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
5  One Market Plaza
   San Francisco, CA 94105
6  Telephone:  415.442.4810
   Facsimile:   415.442.4870

7

8  Attorneys for Defendant VITRAN EXPRESS, INC.

**UNITED STATES DISTRICT COURT**

9

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  BRANDON CAMPBELL and RALPH        Case No.
12  MALDONADO; individually, and on
    behalf of members of the general public   **NOTICE OF REMOVAL FILED BY**
13  similarly situated, and as aggrieved       **DEFENDANT VITRAN EXPRESS,**
    employees pursuant to the Private          **INC.**
14  Attorneys General Act ("PAGA"),
                                               Action Filed Date: May 7, 2010
15            Plaintiffs,                      Trial:            None set

16     v.

17  VITRAN EXPRESS, INC., a
    Pennsylvania corporation formerly
18  known as VITRAN EXPRESS WEST,
    INC., a Nevada corporation; and DOES
19  1 through 100, inclusive,

20            Defendant.

21

22

23

24

25

26

27

28

VITRAN'S NOTICE OF REMOVAL

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL

2  DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR

3  ATTORNEYS OF RECORD:

4  　　　　PLEASE TAKE NOTICE that Defendant Vitran Express, Inc ("Vitran")

5  through its undersigned counsel, hereby removes the above-captioned action from

6  the Superior Court of the State of California for the County of Los Angeles, to the

7  United States District Court for the Central District of California, Eastern Division,

8  Riverside Courthouse pursuant to the Class Action Fairness Act ("CAFA"), 28

9  U.S.C. §§ 1332(d), 1441 and 1446.  Vitran's Notice of Removal is based on the

10 following:

11 　　　　　　　　　　THE STATE COURT ACTION

12 　　　1.　　On May 7, 2010, Plaintiffs Brandon Campbell and Ralph Maldonado

13 ("Plaintiffs") filed an unverified Class Action Complaint for damages and

14 injunctive relief (the "Complaint") in the Superior Court of the State of California,

15 County of Los Angeles, entitled BRANDON CAMPBELL and RALPH

16 MALDONADO, individually, and on behalf of members of the general public

17 similarly situated, and as aggrieved employees pursuant to the Private Attorneys

18 General Act ("PAGA") vs. VITRAN EXPRESS, INC., a Pennsylvania corporation

19 formerly known as VITRAN EXPRESS WEST, INC., a Nevada corporation; and

20 Does 1 through 100, inclusive.  (Case No. BC437399).

21 　　　2.　　Defendant was served with a copy of the Complaint and Summons,

22 Civil Case Cover Sheet, and related documents on or about May 17, 2010.  These

23 documents are attached as **Exhibit A**.  The Complaint asserts claims for:  (1)

24 Violation of California Labor Code §§ 226.7 and 512(a) (meal breaks); (2)

25 Violation of California Labor Code § 226.7 (rest breaks); (3) Violation of

26 California Labor Code § 204; (4) Violation of California Labor Code §§ 201 and

27 202; (5) Violation of California Labor Code § 226(a); (6) Violation of California

28 Labor Code § 1174(d); and Violation of California Business & Professions Code

1  § 17200.

2      3.    Vitran timely filed an Answer to the Complaint in State Court on

3  June 15, 2010.  A copy of the Answer is attached as **Exhibit B**.

4  THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY

5  PURSUANT TO THE CLASS ACTION FAIRNESS ACT

6      4.    In relevant part, the CAFA grants federal district courts with original

7  jurisdiction over civil class action lawsuits filed under federal or state law in which

8  any member of a class of plaintiffs is a citizen of a state different from any

9  defendant, and where the matter in controversy exceeds the value of $5 million,

10  exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  CAFA authorizes removal

11  of such actions in accordance with 28 U.S.C. section 1446.

12      5.    This Court has original jurisdiction over this case under 28 U.S.C.

13  section 1332(d) of CAFA, in that it is a civil action filed as a class action with an

14  amount in controversy that exceeds the sum of $5 million, exclusive of interest and

15  costs, and at least one member of the alleged class of plaintiffs is a citizen of a

16  state different from Vitran.

17      6.    This action was initially brought pursuant to California Code of Civil

18  Procedure section 382 on behalf of a putative class with an aggregate potential

19  membership in excess of 100 individuals.

20      7.    Vitran removed this action once before.  On August 16, 2010, U.S.

21  District Court Judge R. Gary Klausner granted Plaintiffs' remand motion, finding

22  that Vitran had not proved CAFA jurisdiction with legal certainty.  A copy of

23  Judge Klausner's August 16, 2010 decision is attached as **Exhibit C**.  Since Judge

24  Klausner's decision, Vitran has taken the Plaintiffs' depositions, **which provide**

25  **new facts that prove CAFA jurisdiction with a legal certainty**.  True and

26  correct copies of Maldonado's and Campbell's sworn testimony are attached as

27  Exhibits 1 and 2 (respectively) to the Declaration of Robert A. Jones ("Jones

28  Dec.").

2

1       8.    A class action may be removed to a district court of the United States

2  in accordance with section 1446, without regard to whether a defendant is a citizen

3  of the State in which the action is brought, except that such action may be removed

4  by any defendant without the consent of all defendants. 28 U.S.C. § 1453(b).

5  Moreover, on May 25, 2011, Vitran took Maldonado's deposition, and Campbell's

6  deposition on May 26 of 2011.  The new facts learned from this sworn testimony

7  enable Vitran to remove this case within 30 days of the depositions.  *Carvalho v.*

8  *Equifax Info, Servs.*, LLC, 629 F.3d 876, 886-887 (9th Cir. 2010).

9       9.    In determining the amount in controversy, the ultimate inquiry is what

10  amount is put "in controversy" by the Complaint, not what a defendant will

11  actually owe. *Rippee v. Boston Market Corp.,* 408 F.Supp.2d 982, 986

12  (S.D.Cal.2005); *see also Scherer v. Equitable Life Assurance Society of the United*

13  *States,* 347 F.3d 394, 399 (2nd Cir.2003) (recognizing that the ultimate or provable

14  amount of damages is not what is considered when determining the amount in

15  controversy; rather, it is the amount put in controversy by the plaintiff's

16  complaint).

17       10.    Here, Plaintiffs have sought to avoid the clear intent of CAFA to

18  "increase access to the federal courts" for class action defendants. *Pritchett v.*

19  *Office Depot,* 420 F.3d 1090, 1097 (10th Cir. 2005).  Plaintiffs have thus far

20  avoided federal court by manipulating the language in their Complaint to assert

21  potential recovery below the CAFA standard, while seeking unlimited recovery for

22  each and every cause of action alleged.  *De Aguilar v. Boeing,* 47 F.3d 1404, 1411

23  (5th Cir.1995). **Nevertheless, Vitran presents new facts from the Plaintiffs'**

24  **sworn testimony that prove CAFA jurisdiction with legal certainty.**

25       11.    As set forth in the following allegations in the Complaint, Plaintiffs

26  have sought the broadest possible relief:

27     • The Complaint alleges that the purported class "is estimated to be ***greater***

28      ***than*** one-hundred (100) individuals" (Compl. ¶ 31(a));

- The relevant time period for the purported class is "four years before" the filing of the Complaint (the "Relevant Period") (*Id.* ¶ 29);

- Vitran "failed to provide the Plaintiffs and the other class members the required rest and meal periods during the relevant time period" (*Id.* ¶ 19);

- Vitran "***regularly and consistently*** failed to provide uninterrupted meal and rest periods to Plaintiffs and the other class members" (*Id.* ¶ 25);

- Vitran "***regularly and consistently*** failed to provide complete and accurate wage statements to Plaintiffs and the other class members" (*Id.* ¶ 26);

- Vitran "***regularly and consistently*** failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation" (*Id.* ¶ 27);

- Vitran "***routinely*** interrupted and/or failed to permit, authorize and/or provide Plaintiffs' and class members' meal breaks" (*Id.* ¶ 46);

- Vitran "***routinely*** interrupted and/or failed to permit, authorize and/or provide Plaintiffs' and class members' rest breaks; (*Id.* ¶ 56);

- Plaintiffs are allegedly due PAGA penalties "in the amount of $100 dollars (sic) for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation…" for alleged violations of at least ***seven*** alleged statutory provisions, Labor Code Sections 226.7 (meals), 226.7 (rest), 512(a), 201 or 202, 204, 226(a), 1174(d)"; (*Id.* ¶¶ 33-40, 81; Prayer for Relief)(emphasis added); and

- The Prayer for Relief states no limit on the relief sought, and instead seeks "all actual, consequential, and incidental losses" as well as for "such other and further relief as the court may deem just and proper." (Prayer for Relief).

12.     Sworn testimony from the Named Plaintiffs shows that they are

4

1  residents and citizens of the State of California.  See Jones Dec., Exh. 1 at 16:6-9;

2  Exh. 2 at 15:15-18.

3       13.    During the Relevant Period, Vitran has been incorporated in the State

4  of Pennsylvania, with a principal place of business in the State of Pennsylvania.

5  (Declaration of Dean E. Kuska ("Kuska Decl."), ¶ 3).  Pursuant to 28 U.S.C.

6  section 1332(c), "a corporation shall be deemed to be a citizen of any State by

7  which it has been incorporated and of the State where it has its principal place of

8  business."  Thus, for the purposes of federal diversity jurisdiction, Vitran is a

9  citizen of the State of Pennsylvania, and not of California. *Hertz Corp. v. Friend, et*

10  *al.*, 130 S.Ct. 1181, 1185-86 (2010).

11       14.    Based upon the foregoing, diversity is established because plaintiffs

12  are citizens of California, and Vitran is not a citizen of California.

13       15.    Removal and Intradistrict Assignment to the Eastern Division,

14  Riverside Courthouse is proper because Vitran conducts business within the City

15  of Fontana, California, in San Bernardino County.  (Kuska Decl. ¶ 4).

16  <u>AMOUNT IN CONTROVERSY</u>

17       16.    Paragraph 1 of the Complaint alleges that the maximum potential

18  recovery in this action is less than $5 million.  (Complaint ¶ 1).  Pursuant to Judge

19  Klausner's August 16, 2010 Order, Vitran must "prove with legal certainty that

20  CAFA's jurisdictional amount is met."  Exhibit C; *Lowdermilk v. U.S. Bank Nat'l*

21  *Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007).

22       17.    Vitran denies the validity of Plaintiffs' claims and requests for relief.

23  But the allegations in the Complaint and Plaintiffs' sworn testimony prove with

24  legal certainty that CAFA jurisdiction applies to this putative class action.

25       18.    Applying the "legal certainty" standard, Vitran's burden is to show

26  that it is legally certain that the amount in controversy exceeds $5,000,000,

27  *assuming the truth of the allegations in the Complaint.  See Singer v. State Farm*

28  *Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *Sanchez v. Monumental*

1  *Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Vitran meets that burden here

2  based on Plaintiffs' sworn testimony and the allegations in the Complaint.

3       19.    The Complaint alleges that Vitran failed to provide meal and rest

4  breaks to Plaintiffs and alleged class members in violation of Labor Code § 226.7.

5  (Compl. ¶¶ 41-61). Plaintiffs allege that that they are entitled to recover from

6  Vitran one additional hour of pay at the regular rate of compensation for each day a

7  meal or rest period was not provided. (*Id.* ¶¶ 52, 61).

8       20.    During the Relevant Period, there were 156 city and local drivers.

9  (Kuska Dec. ¶ 2 and Exh. 1). Vitran paid these putative class members on a

10  weekly basis. These employees regularly worked 8 hour shifts, five days each

11  week. (*Id.*).

12       21.    Both Plaintiffs were city drivers. (Jones Dec., Exh. 1 at 41:18-20;

13  Exh. 2 at 106:19-23). Both Plaintiffs testified that they were "never" able to take a

14  30-minute, uninterrupted meal break during their employment with Vitran. (Jones

15  Dec., Exh. 1 at 70:9-12; Exh. 2 at 23:8-10). Both Plaintiffs also testified that they

16  were "never" able to take any of their daily mandated 10-minute rest breaks during

17  their employment with Vitran. (Jones Dec. Exh. 1 at 70:22-71:3; Exh. 2 at 22:18-

18  22). And Plaintiff Maldonado testified that, at the least, no drivers at Vitran's Los

19  Angeles facility were able to take meal or rest breaks on any work day. (Jones

20  Dec. Exh. 1 at 72:18-73:25).

21       22.    The Plaintiffs further allege that their "claims are typical of all other

22  class members" … (Compl. ¶ 31(b)). Thus, according to the Complaint and

23  Plaintiffs' sworn testimony, none of Vitran's drivers were able to take any meal or

24  rest breaks during the Relevant Period. Vitran thus shows with legal certainty that

25  Plaintiffs have placed in controversy an amount equal to that allegedly owed for

26  missed meal and rest periods for every workday of every putative class member.

27  This amount equals $1,930,509.20, which includes alleged meal premiums of

28  $965,254.60, and alleged rest premiums at $965,254.60. (Declaration of Max

1   Herrera ("Herrera dec.") ¶ 7 and Exh. 1).

2       23.    The Complaint also seeks penalties under Section 203 of the Labor

3   Code.  This amount equals $366,091.20.  (Herrera dec. ¶¶ 8, 16; Exh. 1).

4       24.    The Complaint also seeks penalties for alleged violations of Section

5   204(b)(1) of the Labor Code, placing $642,950.00 in controversy.  (Herrera dec. ¶

6   9; Exh. 1).

7       25.    The Complaint also seeks penalties for alleged violations of

8   Section 226 of the Labor Code that requires the employer to furnish accurate wage

9   statements, and allows for penalties of up to a maximum amount of $4,000.   This

10   amount equals $269,750.  (Herrera dec. ¶¶ 10 and Exh. 1).

11       26.    The Complaint also seeks PAGA penalties in the amount of $100

12   dollars for each violation per pay period for the initial violation, and $200 for each

13   aggrieved employee per pay period for each subsequent violation, plus costs and

14   attorneys' fees for alleged violations of Labor Code Sections 226.7 and 512

15   (meals), 226.7 (rest), 204, 203, 226(a), and 1174(d).  The amount for such

16   penalties under Sections 226.7 and 512 (meals), 226.7 (rest) and 226(a) alone equal

17   $2,571,800.  (Herrera dec. ¶¶ 11-14; Exh. 1).

18       27.    The Complaint also seeks an award of attorneys' fees for each and

19   every one of its seven causes of action.  It is well established that in determining

20   whether a complaint meets the amount in controversy requirement, the Court

21   should consider attorneys' fees. *Bell v. Preferred Life*, 320 U.S. 238, 64 S.Ct. 5,

22   88 L.Ed. 15 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th

23   Cir.1982) (attorneys' fees may be taken into account to determine jurisdictional

24   amounts).  Here, the alleged damages and penalties amount to at least

25   $5,781,100.40, not including the amounts sought for attorneys' fees.  When just

26   25% is added for attorney fees, for the sum of $1,445,275.10, the total amount in

27   controversy is $7,226,375.50, which is well above the $5 million CAFA

28   requirement.  (Herrera dec. ¶ 16).

1    28.    In the event this Court has a question regarding the propriety of this

2  Notice of Removal, Vitran requests that it issue an Order to Show Cause so that

3  Vitran may have an opportunity to more fully brief the basis for this removal.

4         WHEREFORE, Defendant Vitran removes the above-action to this Court.

5

6  DATED: June 14, 2011                    OGLETREE, DEAKINS, NASH,
                                           SMOAK & STEWART, P.C.
7

8

9                                   By:  _Michael Nader_____
                                        Robert A. Jones
10                                       Michael J. Nader
                                        Erica K. Rocush
11
                                        Attorneys for Defendant VITRAN
12                                       EXPRESS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8
VITRAN'S NOTICE OF REMOVAL

Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** VITRAN EXPRESS, INC., a Pennsylvania
*(AVISO AL DEMANDADO):* corporation formerly known as VITRAN
EXPRESS WEST, INC , a Nevada Corporation; and Does 1 through 100,
inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

MAY 07 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**YOU ARE BEING SUED BY PLAINTIFF:** BRANDON CAMPBELL and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* RALPH MALDONADO;
individually, and on behalf of members of the general public similarly situated,
and as aggrieved employees pursuant to the Private Attorneys General Act
("PAGA")

**NOTICE!** You have been sued  The court may decide against you without your being heard unless you respond within 30 days  Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff  A letter or phone call will not protect you  Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association  NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case

*¡AVISO! Lo han demandado  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión  Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10 000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
Central District
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER
*(Número)* BC 437399

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
R. Rex Parris, Esq.; Alexander R. Wheeler, Esq             (661) 949-2595        (661) 949-7524
Jason P. Fowler, Esq.; Douglas Han, Esq.; Kitty Szeto, Esq
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109, Lancaster, California 93534

DATE:
*(Fecha)* MAY 07 2010                    Clerk, by _____ S. WESLEY , Deputy
                                          *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Vitran Express, Inc.

under:  ☐ CCP 416 10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416 20 (defunct corporation)  ☐ CCP 416 70 (conservatee)
        ☐ CCP 416 40 (association or partnership)  ☐ CCP 416 90 (authorized person)
        ☐ other *(specify):*

4. ☑ by personal delivery on *(date):* 5/17/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev July 1 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20 465

Legal Solutions Plus

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
R. Rex Parris, Esq.; Alexander R. Wheeler, Esq.
Jason P. Fowler, Esq.; Douglas Han, Esq.; Kitty Szeto, Esq.
**R. REX PARRIS LAW FIRM**
42220 10th Street West, Suite 109
Lancaster, California 93534
TELEPHONE NO.: (661) 949-2595   FAX NO.: (661) 949-7524
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY
**CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court**

**MAY 07 2010**

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME: Brandon Campbell, et al. v. Vitran Express, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | **BC 437 399** |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1 Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2 This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3 Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4 Number of causes of action (specify): Seven (7)
5 This case [x] is [ ] is not a class action suit.
6 If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: May 5, 2010

Jason P. Fowler, Esq.
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

COPY

| SHORT TITLE: Brandon Campbell, et al. v. Vitran Express, Inc , et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES    CLASS ACTION? [X] YES    LIMITED CASE? [ ] YES    TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [X] DAYS

**Item II** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked For any exception to the court location, see Los Angeles Superior Court Local Rule 2 0

| Applicable Reasons for Choosing Courthouse Location (See Column C below) | |
|---|---|
| 1   Class Actions must be filed in the County Courthouse, Central District. | 6   Location of property or permanently garaged vehicle |
| 2   May be filed in Central (Other county, or no Bodily Injury/Property Damage) | 7   Location where petitioner resides |
| 3   Location where cause of action arose | 8   Location wherein defendant/respondent functions wholly |
| 4   Location where bodily injury, death or damage occurred. | 9   Location where one or more of the parties reside. |
| 5   Location where performance required or defendant resides | 10  Location of Labor Commissioner Office |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 2, 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 2, 3 4  B |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1  2  4 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1. 2 4 |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e g , slip and fall) | 1  2, 4 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e g , assault, vandalism, etc ) | 1, 2  4 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 2  3 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 2, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1  2  3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**



| SHORT TITLE: Brandon Campbell, et al. v. Vitran Express, Inc., et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ | A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ | A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ | A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ | A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☒ | A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ | A6109   Labor Commissioner Appeals | 10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ | A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful<br>eviction) | 2., 5. |
| | ☐ | A6008   Contract/Warranty Breach –Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ | A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ | A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections<br>(09) | ☐ | A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ | A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage<br>(18) | ☐ | A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ | A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ | A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ | A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ | A7300   Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction<br>(33) | ☐ | A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ | A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ | A6032   Quiet Title | 2. ,6. |
| | ☐ | A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer -<br>Commercial (31) | ☐ | A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Residential (32) | ☐ | A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Drugs (38) | ☐ | A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ | A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ | A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

| SHORT TITLE: Brandon Campbell, et al. v. Vitran Express, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Brandon Campbell, et al. v. Vitran Express, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [X]1.  []2.  []3.  []4.  []5.  []6.  []7.  []8.  []9.  []10. | Class Action Must Be Filed in Central District |
| CITY: | STATE: | ZIP CODE: |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Los Angeles County Superior</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>May 5, 2010</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Jason Fowler, Esq.

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

1  R. Rex Parris (SBN 96567)
   Alexander R. Wheeler (SBN 239541)
2  Jason P. Fowler (SBN 239426)
   Douglas Han (SBN 232858)
3  Kitty Szeto (SBN 258136)
   **R. REX PARRIS LAW FIRM**
4  42220 10th Street West, Suite 109
   Lancaster, California 93534
5  Telephone: (661) 874-4238
   Facsimile: (661) 949-7524
6
7  *Attorneys for* Plaintiffs and the Proposed Class
8
9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10               **FOR THE COUNTY OF LOS ANGELES**
11

| | |
|---|---|
| BRANDON CAMPBELL and RALPH MALDONADO; individually, and on behalf of members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"); | Case No.: **BC437399** |
| | **CLASS ACTION & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.** |
| Plaintiffs, | |
| vs. | (1) Violation of California Labor Code §§ 226.7 and 512(a) |
| VITRAN EXPRESS, INC., a Pennsylvania corporation formerly known as VITRAN EXPRESS WEST, INC., a Nevada corporation; and Does 1 through 100, inclusive. | (2) Violation of California Labor Code § 226.7 |
| | (3) Violation of California Labor Code § 204 |
| | (4) Violation of California Labor Code §§ 201 and 202 |
| Defendants. | (5) Violation of California Labor Code § 226(a) |
| | (6) Violation of California Labor Code § 1174(d) |
| | (7) Violation of California Business & Professions Code § 17200 |

**DEMAND FOR JURY TRIAL**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 07 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        SHAUNYA WESLEY

*R. Rex Parris Law Firm*
*42220 10th Street West, Suite 109*
*Lancaster, California 93534*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL



R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

1.     This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each class representative, including claims for compensatory damages, interest, and pro rata share of attorneys' fees, is less than $75,000. The maximum potential recovery as a result of this action is less than $5,000,000.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county. In addition, Plaintiff Ralph Maldonado resides in the County of Los Angeles and has worked at a Vitran Express, Inc., while residing in the County of Los Angeles for the duration of his employment.

**PARTIES**

5.     Plaintiff Brandon Campbell ("Campbell") is an individual residing in the State of California.

6.     Plaintiff Ralph Maldonado ("Maldonado") is an individual residing in the State of California.

7.     Defendant Vitran Express, Inc. was a corporation organized and existing under the laws of the State of Nevada, and transacts business throughout the State of

1  California, including the County of Los Angeles.  On December 31, 2009, Vitran

2  Express, Inc. reorganized into the corporate entity Vitran Express, Inc., a corporation

3  organized and existing under the law of the State of Pennsylvania, and transacts

4  business throughout the State of California, including the County of Los Angeles.

5  (hereinafter "Vitran Express").  Plaintiffs are informed and believe and thereon allege

6  that Vitran Express, Inc. assumed all liabilities of Vitran Express West, Inc. and is

7  therefore liable for Vitran Express West, Inc.'s Labor Code violations alleged herein.

8        8.      Defendant Vitran Express, Inc. owns and operates approximately five (5)

9  Vitran Express service centers within California, including in the County of San

10  Bernardino.

11        9.      At all relevant times, Vitran Express, Inc. was the "employer" of Plaintiff

12  and the other class members within the meaning of all applicable state laws and

13  statutes.

14        10.     At all times herein relevant, Vitran Express, Inc. and Does 1 through 100,

15  and each of them, were the agents, partners, joint venturers, representatives, servants,

16  employees, successors-in-interest, co-conspirators and assigns, each of the other, and at

17  all times relevant hereto were acting within the course and scope of their authority as

18  such agents, partners, joint venturers, representatives, servants, employees, successors,

19  co-conspirators and assigns, and that all acts or omissions alleged herein were duly

20  committed with the ratification, knowledge, permission, encouragement, authorization

21  and consent of each defendant designated herein.

22        11.     The true names and capacities, whether corporate, associate, individual or

23  otherwise, of defendants Does 1 through 100, inclusive, are unknown to Plaintiff who

24  sues said defendants by such fictitious names.  Plaintiff is informed and believes, and

25  based on that information and belief alleges, that each of the defendants designated as a

26  Doe is legally responsible for the events and happenings referred to in this complaint,

27  and unlawfully caused the injuries and damages to Plaintiff and the other class members

28  alleged in this complaint.  Plaintiff will seek leave of court to amend this Complaint to

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   show the true names and capacities when the same have been ascertained.

2        12.    Vitran Express, Inc. and Does 1 through 100 will hereinafter collectively

3   be referred to as Defendants.

4        13.    California Labor Code sections 2699 et seq., the "Labor Code Private

5   Attorneys Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for

6   various civil penalties under the California Labor Code.

7        14.    Plaintiffs have timely provided notice to the California Labor and

8   Workforce Development Agency ("LWDA") and to Defendants, pursuant to California

9   Labor Code section 2699.3(a).

**FACTUAL ALLEGATIONS**

11        15.    Defendants employed Campbell as a "city driver" from approximately

12   February 2009 to approximately January 2010 in the State of California

13        16.    Defendants employed Maldonado as a "city driver" from approximately

14   October 2008 to approximately December 2009 in the State of California.

15        17.    Defendants had the authority to hire and, terminate Plaintiffs and the other

16   class members; to set work rules and conditions governing Plaintiffs' and the other

17   class members' employment; and, to supervise their daily employment activities.

18        18.    Defendants directly hired and paid wages and benefits to Plaintiffs and the

19   other class members.

20        19.    Plaintiffs are informed and believe, and based thereon allege, that

21   Defendants failed to provide the Plaintiffs and the other class members the required rest

22   and meal periods during the relevant time period as required under the Industrial

23   Welfare Commission Wage Orders and thus they are entitled to any and all applicable

24   penalties.

25        20.    Plaintiffs are informed and believe, and based thereon allege, that

26   Defendants knew or should have known that Plaintiffs and the other class members

27   were entitled to receive all meal periods or payment of one additional hour of pay at

28   Plaintiffs' and the other class members' regular rate of pay when a meal period was

**R. Rex Parris Law Firm**
42220 10th Street West, Suite 109
Lancaster, California 93534

1   missed.

2       21.     Plaintiffs are informed and believe, and based thereon allege, that

3   Defendants knew or should have known that Plaintiffs and the other class members

4   were entitled to receive all rest periods or payment of one additional hour of pay at

5   Plaintiffs' and the other class members' regular rate of pay when a rest period was

6   missed.

7       22.     Plaintiffs are informed and believe, and based thereon allege, that

8   Defendants knew or should have known that Plaintiffs and the other class members

9   were entitled to receive all wages owed to them upon discharge or resignation.

10      23.     Plaintiffs are informed and believe, and based thereon allege, that

11  Defendants knew or should have known that Plaintiffs and the other class members

12  were entitled to receive complete and accurate wage statements in accordance with

13  California law.

14      24.     Plaintiffs are informed and believe, and based thereon allege, that

15  Defendants knew or should have known that they had a duty to compensate Plaintiffs

16  and the other class members pursuant to California law, and that Defendants had the

17  financial ability to pay such compensation, but willfully, knowingly, and intentionally

18  failed to do so, and falsely represented to Plaintiffs and the other class members that

19  they were properly denied wages, all in order to increase Defendants' profits.

20      25.     At all material times set forth herein, Defendants regularly and

21  consistently failed to provide uninterrupted meal and rest periods to Plaintiffs and the

22  other class members.

23      26.     At all material times set forth herein, Defendants regularly and

24  consistently failed to provide complete and accurate wage statements to Plaintiffs and

25  the other class members.

26      27.     At all material times set forth herein, Defendants regularly and

27  consistently failed to pay Plaintiffs and the other class members all wages owed to them

28  upon discharge or resignation.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

**CLASS ACTION ALLEGATIONS**

28.     Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and thus, seeks class certification under Code of Civil Procedure § 382.

29.     The proposed class is defined as follows:

> All current and former "City Drivers" or "Local Drivers" and employees in similar job titles, who worked for Vitran Express, Inc. within the State of California that were not paid premium wages for working through rest and meal breaks at any time during the period of four years before the filing of this Complaint to final judgment.

30.     Plaintiffs reserve the right to establish subclasses as appropriate.

31.     The class is ascertainable and there is a well-defined community of interest in the litigation:

> a.     The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one-hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Vitran Express, Inc. employment records.

> b.     Plaintiffs' claims are typical of all other class members' as demonstrated herein.  Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well defined community of interest.

> c.     Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other class members. Plaintiffs' attorneys, the proposed class counsel, are versed in the

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

**R. Rex Parris Law Firm**
42220 10th Street West, Suite 109
Lancaster, California 93534

1  rules governing class action discovery, certification, and

2  settlement.  Plaintiffs have incurred, and during the pendency of

3  this action will continue to incur, costs and attorneys' fees, that

4  have been, are, and will be necessarily expended for the

5  prosecution of this action for the substantial benefit of each class

6  member.

7  d.  A class action is superior to other available methods for the fair and

8  efficient adjudication of this litigation because individual joinder of

9  all class members is impractical.

10  e.  Certification of this lawsuit as a class action will advance public

11  policy objectives.  Employers of this great state violate

12  employment and labor laws every day.  Current employees are

13  often afraid to assert their rights out of fear of direct or indirect

14  retaliation.  However, class actions provide the class members who

15  are not named in the complaint anonymity that allows for the

16  vindication of their rights.

17  32.  There are common questions of law and fact as to the class members that

18  predominate over questions affecting only individual members.  The following common

19  questions of law or fact, among others, exists as to the members of the class:

20  a.  Whether Defendants deprived Plaintiffs and class members of meal

21  periods or required Plaintiffs and class members to work during

22  meal periods without compensation

23  b.  Whether Defendant deprived Plaintiffs and class members a second

24  meal period or required Plaintiffs and class members to work

25  during their second meal periods every time they were required to

26  work more than 10 hours per day;

27  c.  Whether Defendants deprived Plaintiffs and class members of rest

28  periods or required Plaintiffs and class members to work during

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

1    rest periods without compensation;

2    d.    Whether Defendants failed to pay all wages due to Plaintiffs and

3    the other class members within the required time upon their

4    discharge or resignation;

5    e.    Whether Defendants complied with wage reporting as required by

6    the California Labor Code; including, but not limited to,

7    Section 226;

8    f.    Whether Defendants' conduct was willful or reckless;

9    g.    Whether Defendants engaged in unfair business practices in

10    violation of California Business & Professions Code sections

11    17200 et seq.;

12    h.    The appropriate amount of damages, restitution, and/or monetary

13    penalties resulting from Defendants' violation of California law;

14    and

15    i.    Whether Plaintiffs and the class are entitled to compensatory

16    damages pursuant to the California Labor Code.

17    **PAGA ALLEGATIONS**

18    33.    At all times herein set forth, PAGA was applicable to Plaintiffs'

19    employment by Defendants.

20    34.    At all times herein set forth, PAGA provides that any provision of law

21    under the California Labor Code that provides for a civil penalty to be assessed and

22    collected by the LWDA for violations of the California Labor Code may, as an

23    alternative, be recovered through a civil action brought by an aggrieved employee on

24    behalf of himself and other current or former employees pursuant to procedures

25    outlined in California Labor Code section 2699.3.

26    35.    Pursuant to PAGA, a civil action under PAGA may be brought by an

27    "aggrieved employee," who is any person that was employed by the alleged violator

28    and against whom one or more of the alleged violations was committed.

1    36.    Plaintiffs were employed by Defendants and the alleged violations were

2    committed against them during their time of employment and they are, therefore,

3    aggrieved employees.  Plaintiffs and other employees are "aggrieved employees" as

4    defined by California Labor Code section 2699(c) in that they are all current or former

5    employees of Defendants, and one or more of the  alleged violations were committed

6    against them.

7    37.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an

8    aggrieved employee, including Plaintiffs, may pursue a civil action arising under PAGA

9    after the following requirements have been met:

10          a.    The aggrieved employee shall give written notice by certified mail

11                (hereinafter "Employee's Notice") to the LWDA and the employer

12                of the specific provisions of the California Labor Code alleged to

13                have been violated, including the facts and theories to support the

14                alleged violations.

15          b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to

16                the employer and the aggrieved employee by certified mail that it

17                does not intend to investigate the alleged violation within thirty

18                (30) calendar days of the postmark date of the Employee's Notice.

19                Upon receipt of the LWDA Notice, or if the LWDA Notice is not

20                provided within thirty-three (33) calendar days of the postmark

21                date of the Employee's Notice, the aggrieved employee may

22                commence a civil action pursuant to California Labor Code section

23                2699 to recover civil penalties in addition to any other penalties to

24                which the employee may be entitled.

25    38.    On April 22, 2009, Plaintiff Campbell provided written notice by certified

26                mail to the LWDA and to Defendant Vitran Express West, Inc. of the

27                specific provisions of the California Labor Code alleged to have been

28                violated, including the facts and theories to support the alleged violations.

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

39.   On May 4, 2010, Plaintiff Campbell provided written notice by certified mail to the LWDA and to Defendant Vitran Express, Inc. of the specific provision of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

40.   On May 4, 2010, Plaintiff Maldonado provided written notice by certified mail to the LWDA and to Defendant Vitran Express, Inc. of the specific provision of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against VITRAN EXPRESS, INC. and DOES 1 through 100)

41.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 40, and each and every part thereof with the same force and effect as though fully set forth herein.

42.   At all times herein mentioned, the Industrial Welfare Commission Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants.

43.   Pursuant to California Labor Code section 226.7, no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

44.   Pursuant to California Labor Code section 512(a), an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

45.   Pursuant to California Labor Code section 512(a), an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  total hours worked is no more than 12 hours, the second meal period may be waived by

2  mutual consent of the employer and the employee only if the first meal period was not

3  waived.

4      46.     As alleged herein, Defendants routinely interrupted and/or failed to

5  permit, authorize and/or provide Plaintiffs' and class members' meal breaks. By these

6  actions, Defendants violated California Labor Code sections 226.7(a) and 512(a), and is

7  liable to Plaintiffs and the Class.

8      47.     During the relevant time period, Plaintiffs and the other class members

9  who were scheduled to work for a period of time in excess of six (6) hours were

10 required to work for a period of time in excess of six (6) hours, and were required to

11 work for periods longer than five (5) hours without an uninterrupted meal period of not

12 less than thirty (30) minutes.

13     48.     During the relevant time period, Plaintiffs and the other class members

14 who were scheduled to work in excess of ten (10) hours but not longer than twelve (12)

15 hours, and who did not waive their legally-mandated meal periods by mutual consent

16 were required to work in excess of ten (10) hours without receiving a second

17 uninterrupted meal period of not less than thirty (30) minutes.

18     49.     During the relevant time period, Plaintiffs and the other class members

19 were scheduled to work for a period of time in excess of twelve (12) hours was required

20 to work for periods longer than ten (10) hours without a second uninterrupted meal

21 period of not less than thirty (30) minutes.

22     50.     During the relevant time period, Defendants intentionally and willfully

23 required Plaintiffs and the other class members to work during meal periods and failed

24 to pay Plaintiffs and the other class members the full meal period premium for work

25 performed during meal periods.

26     51.     Defendants' conduct violates applicable Industrial Welfare Commission

27 Wage Orders, and California Labor Code sections 226.7 and 512(a).

28     52.     Pursuant to California Labor Code section 226.7(b), Plaintiffs and the

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

R. Rex Parris Law Firm
42220 10ᵗʰ Street West, Suite 109
Lancaster, California 93534

1    other class members are entitled to recover from Defendants one additional hour of pay

2    at the employee's regular rate of compensation for each work day that the meal or rest

3    period is not provided.

### SECOND CAUSE OF ACTION

#### (Violation of California Labor Code §§ 226.7)

#### (Against VITRAN EXPRESS, INC. and DOES 1 through 100)

7        53.    Plaintiffs incorporate by reference the allegations contained in paragraphs

8    1 through 52, and each and every part thereof with the same force and effect as though

9    fully set forth herein.

10       54.    At all times herein set forth, the California Industrial Welfare Commission

11   Order and California Labor Code section 226.7 was applicable to Plaintiffs' and the

12   other class members' employment by Defendants.

13       55.    Pursuant to California Labor Code section 226.7, no employer shall

14   require an employee to work during any rest period mandated by an applicable order of

15   the California Industrial Welfare Commission.

16       56.    As alleged herein, Defendants routinely interrupted and/or failed to

17   permit, authorize and/or provide Plaintiffs' and class members' rest breaks. By these

18   actions, Defendants violated California Labor Code section 226.7(a) and is liable to

19   Plaintiffs and the Class.

20       57.    During the relevant time period, Defendants required Plaintiffs and the

21   other class members of the class to work in excess of four (4) hours without providing

22   them a second ten (10) minute rest period.

23       58.    During the relevant time period, Defendants required Plaintiffs and the

24   other class members to work an additional four (4) hours without providing a second

25   ten (10) minute rest period.

26       59.    During the relevant time period, Defendants willfully required Plaintiffs

27   and the other class members to work during rest periods and failed to pay Plaintiffs and

28   the other class members the full rest period premium for work performed during rest

1    periods.

2        60.    Defendants' conduct violates applicable Industrial Welfare Commission

3    Wage Orders, and California Labor Code section 226.7.

4        61.    Pursuant to California Labor Code section 226.7(b), Plaintiffs and the

5    other class members of the class are entitled to recover from Defendants one additional

6    hour of pay at the employees' regular hourly rate of compensation for each work day

7    that the rest period was not provided.

8                        **THIRD CAUSE OF ACTION**

9               **(Violation of California Labor Code § 204)**

10          **(Against VITRAN EXPRESS, INC. and DOES 1 through 100)**

11       62.    Plaintiffs incorporate by reference the allegations contained in paragraphs

12   1 through 61, and each and every part thereof with the same force and effect as though

13   fully set forth herein.

14       63.    Pursuant to California Labor Code section 204(b)(1), all wages earned for

15   labor in excess of the normal work period shall be paid no later than the payday for the

16   next regular payroll period.

17       64.    During the relevant time period, Defendants intentionally and willfully

18   failed to pay Plaintiffs and the other class members the overtime and/or regular wages

19   due to them, within any time period permissible under California Labor Code section

20   204.  Therefore, Plaintiffs seek civil penalties pursuant to PAGA.

21                      **FOURTH CAUSE OF ACTION**

22           **(Violation of California Labor Code §§ 201 and 202)**

23          **(Against VITRAN EXPRESS, INC. and DOES 1 through 100)**

24       65.    Plaintiffs incorporate by reference the allegations contained in paragraphs

25   1 through 64, and each and every part thereof with the same force and effect as though

26   fully set forth herein.

27       66.    Pursuant to California Labor Code sections 201 and 202, if an employer

28   discharges an employee, the wages earned and unpaid at the time of discharge are due

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

1    and payable immediately, and if an employee quits his or her employment, his or her

2    wages shall become due and payable not later than seventy-two (72) hours thereafter,

3    unless the employee has given seventy-two (72) hours notice of his or her intention to

4    quit, in which case the employee is entitled to his or her wages at the time of quitting.

5         67.    During the relevant time period, Defendants intentionally and willfully

6    failed to pay Plaintiffs and the other class members their wages, earned and unpaid,

7    within seventy-two (72) hours of Plaintiffs and the other class members leaving

8    Defendants' employ.

9         68.    Defendants' failure to pay Plaintiffs and the other class members their

10   wages, earned and unpaid, within seventy-two (72) hours of her leaving Defendants'

11   employ, is in violation of California Labor Code sections 201 and 202.

12        69.    Pursuant to California Labor Code section 203, if an employer willfully

13   fails to pay, without abatement or reduction, in accordance with Sections 201 and 202,

14   any wages of an employee who is discharged or who quits, the wages of the employee

15   shall continue as a penalty from the due date thereof at the same rate until paid or until

16   an action is commenced; but the wages shall not continue for more than thirty (30)

17   days.

18        70.    Plaintiffs and the other class members are entitled to recover the statutory

19   penalty for each day they were not paid, at her regular hourly rate of pay, up to thirty

20   (30) days maximum pursuant to California Labor Code section 203.

### FIFTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against VITRAN EXPRESS, INC. and DOES 1 through 100)

24        71.    Plaintiffs incorporate by reference the allegations contained in paragraphs

25   1 through 70, and each and every part thereof with the same force and effect as though

26   fully set forth herein.

27        72.    Pursuant to California Labor Code section 226(a), every employer shall

28   furnish each of his or her employees an accurate itemized statement in writing showing

1  (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

2  piece-rate units earned and any applicable piece rate if the employee is paid on a piece-

3  rate basis, (4) all deductions, provided that all deductions made on written orders of the

4  employee may be aggregated and shown as one item, (5) net wages earned, (6) the

5  inclusive dates of the period for which the employee is paid, (7) the name of the

6  employee and his or her social security number, (8) the name and address of the legal

7  entity that is the employer, and (9) all applicable hourly rates in effect during the pay

8  period and the corresponding number of hours worked at each hourly rate by the

9  employee.  The deductions made from payments of wages shall be recorded in ink or

10  other indelible form, properly dated, showing the month, day, and year, and a copy of

11  the statement or a record of the deductions shall be kept on file by the employer for at

12  least three years at the place of employment or at a central location within the State of

13  California.

14       73.     Defendants intentionally and willfully failed to provide Plaintiffs and the

15  other class members with complete and accurate wage statements.  The deficiencies

16  included one or more of the following: the failure to include the total number of hours

17  worked by Plaintiff and the other class members, the failure to include the hourly rate,

18  the failure to provide their social security numbers.

19       74.     As a result of Defendants' violation of California Labor Code section

20  226(a), Plaintiffs and the other class members have suffered injury and damage to their

21  statutorily-protected rights.

22       75.     More specifically, Plaintiffs and the other class members have been

23  injured by Defendants' intentional and willful violation of California Labor Code

24  section 226(a) because they were denied both their legal right to receive, and their

25  protected interest in receiving, accurate and itemized wage statements pursuant to

26  California Labor Code section 226(a).

27       76.     Plaintiffs and the other class members are entitled to recover from

28  Defendants the greater of their actual damages caused by Defendants' failure to comply

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

1  with California Labor Code section 226(a), or an aggregate penalty not exceeding four

2  thousand dollars per employee.

### SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against VITRAN EXPRESS, INC. and DOES 1 through 100)

77.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 76 , and each and every part thereof with the same force and effect as though fully set forth herein.

78.  Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

79.  Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

80.  As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

81.  More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).  Therefore, Plaintiffs seek civil penalties for violation of this section pursuant to PAGA.

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

**SEVENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code § 17200 et seq.)**

**(Against VITRAN EXPRESS, INC. and DOES 1 through 100)**

82.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs and the other class members, and Defendants' competitors.  Accordingly, Plaintiffs and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

84.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200 et seq.

85.    A violation of California Business & Professions Code section 17200 et seq. may be predicated on the violation of any state or federal law.  As described herein, Defendants violated California Labor Code sections 201, 204, 212, 213, 226(a), 226.7, 512(a), and 1174(d).

86.    As a result the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

87.    Plaintiffs and the other class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

88.    Pursuant to California Business & Professions Code sections 17200 et seq., Plaintiffs and the other class members are entitled to restitution of the wages and other monies wrongfully withheld and retained by Defendants pursuant to California Labor Code § 512(a).

89.    Pursuant to California Business & Professions Code section 17200 et seq., injunctive relief is necessary to prevent Defendants from continuing to engage in the

1   unfair business practices as alleged herein.  Plaintiffs are informed and believe that

2   Defendants have committed and will continue to commit the above-described unlawful

3   acts unless restrained or enjoined by this Court. Unless the relief prayed for below is

4   granted, a multiplicity of actions will result.  Plaintiffs and the other class members

5   have no plain, speedy, or adequate remedy at law, in that pecuniary compensation alone

6   would not afford adequate and complete relief.  The above-described acts will cause

7   great and irreparable damage to Plaintiffs and the other class members unless Defendant

8   is restrained from committing further illegal acts.

9         90.    Plaintiffs and the other class members are entitled to an award of

10   attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5

11   and other applicable laws.

### PRAYER FOR RELIEF

13         WHEREFORE, Plaintiffs, individually and on behalf of all other members of the

14   public similarly situated, prays for relief and judgment against Defendants, jointly and

15   severally, as follows:

#### Class Certification

17   1.     That this action be certified as a class action;

18   2.     That Plaintiffs be appointed as the representative of the class;

19   3.     That counsel for Plaintiffs be appointed as class counsel;

20   4.     That Defendants provide to class counsel, immediately upon its

21   appointment, the names and most current contact information (address and telephone

22   numbers) of all class members.

#### As to the First Cause of Action

24   5.     For all actual, consequential, and incidental losses and damages,

25   according to proof;

26   6.     For premium wages pursuant to California Labor Code section 226.7(b);

27   7.     For pre-judgment interest on any unpaid wages from the date such

28   amounts were due;

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    8.    For civil penalties pursuant to California Labor Code sections 2699(f) and

2  (g) in the amount of $100 dollars for each violation per pay period for the initial

3  violation and $200 for each aggrieved employee per pay period for each subsequent

4  violation, plus costs and attorneys' fees for violation of California Labor Code sections

5  226.7 and 512;

6    9.    For reasonable attorneys' fees and costs of suit incurred herein; and

7    10.    For such other and further relief as the court may deem just and proper.

8                          As to the Second Cause of Action

9    11.    For all actual, consequential, and incidental losses and damages,

10  according to proof;

11    12.    For premium wages pursuant to California Labor Code section 226.7(b);

12    13.    For pre-judgment interest on any unpaid wages from the date such

13  amounts were due;

14    14.    For civil penalties pursuant to California Labor Code sections 2699(f) and

15  (g) in the amount of $100 dollars for each violation per pay period for the initial

16  violation and $200 for each aggrieved employee per pay period for each subsequent

17  violation, plus costs and attorneys' fees for violation of California Labor Code section

18  226.7

19    15.    For such other and further relief as the court may deem just and proper.

20                          As to the Third Cause of Action

21    16.    For actual, consequential and incidental losses and damages, according to

22  proof;

23    17.    For pre-judgment interest on any untimely paid compensation, from the

24  date such amounts were due;

25    18.    For reasonable attorneys' fees and costs of suit incurred herein;

26    19.    For civil penalties pursuant to California Labor Code sections 2699(f) and

27  (g) in the amount of $100 dollars for each violation per pay period for the initial

28  violation and $200 for each aggrieved employee per pay period for each subsequent

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

1   violation, plus costs and attorneys' fees for violation of California Labor Code section

2   204; and

3       20.    For such other and further relief as the court may deem just and proper.

4                    <u>As to the Fourth Cause of Action</u>

5       21.    For actual, consequential and incidental losses and damages, according to

6   proof;

7       22.    For statutory penalties pursuant to California Labor Code section 203 for

8   Plaintiff and all other class members who have left Defendants' employ;

9       23.    For reasonable attorneys' fees and costs of suit incurred herein;

10      24.    For civil penalties pursuant to California Labor Code sections 2699(f) and

11  (g) in the amount of $100 dollars for each violation per pay period for the initial

12  violation and $200 for each aggrieved employee per pay period for each subsequent

13  violation, plus costs and attorneys' fees for violation of California Labor Code sections

14  201, 202, and 203; and

15      25.    For such other and further relief as the court may deem just and proper.

16                   <u>As to the Fifth Cause of Action</u>

17      26.    For actual, consequential and incidental losses and damages, according to

18  proof;

19      27.    For statutory penalties pursuant to California Labor Code section 226(e);

20      28.    For injunctive relief to ensure compliance with this section, pursuant to

21  California Labor Code section 226(g);

22      29.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

23  California Labor Code section 226(e);

24      30.    For civil penalties pursuant to California Labor Code sections 2699(f) and

25  (g) in the amount of $100 dollars for each violation per pay period for the initial

26  violation and $200 for each aggrieved employee per pay period for each subsequent

27  violation, plus costs and attorneys' fees for violation of California Labor Code section

28  226(a); and

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    31.    For such other and further relief as the court may deem just and proper.

2                          As to the Sixth Cause of Action

3    32.    For actual, consequential and incidental losses and damages, according to

4    proof;

5    33.    For statutory penalties pursuant to California Labor Code section 1174.5;

6    34.    For reasonable attorneys' fees and costs of suit incurred herein;

7    35.    For civil penalties pursuant to California Labor Code sections 2699(f) and

8    (g) in the amount of $100 dollars for each violation per pay period for the initial

9    violation and $200 for each aggrieved employee per pay period for each subsequent

10   violation, plus costs and attorneys' fees for violation of California Labor Code section

11   1174(d); and

12   36.    For such other and further relief as the court may deem just and proper.

13                         As to the Seventh Cause of Action

14   37.    For restitution of unpaid wages and other monies wrongfully withheld and

15   retained by Defendants to Plaintiff and the other class members and prejudgment

16   interest from the day such amount were due and payable;

17   38.    For reasonable attorneys' fees and costs of suit incurred herein that

18   Plaintiff and the other class members are entitled to recover under California Code of

19   Civil Procedure section 1021.5.

20   39.    For injunctive relief to ensure compliance with this section, pursuant to

21   California Business & Professions Code section 17200 et seq.; and

22   40.    For such other and further relief as the court may deem just and proper.

23

24   Dated: May 4, 2010                    **R. REX PARRIS LAW FIRM**

25

26

27   By: _____
     Douglas Han
28   *Attorneys for* Plaintiffs and the Proposed
     Class

R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534

1

## DEMAND FOR JURY TRIAL

2

3      Plaintiffs, individually and on behalf of the members of the public similarly

4  situated, hereby demand a trial by a jury.

5

6  Dated: May   4  ,2010                    **R. REX PARRIS LAW FIRM**

7

8                                    By:  _____

                                         Douglas Han

9                                        *Attorneys for* Plaintiffs and the Proposed
                                         Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**R. Rex Parris Law Firm**
42220 10ᵗʰ Street West, Suite 109
Lancaster, California 93534

Exhibit B

1   Douglas J. Farmer State Bar No. 139646
    douglas.farmer@ogletreedeakins.com
2   Michael J. Nader State Bar No. 200425
    michael.nader@ogletreedeakins.com,
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300
4   One Market Plaza
    San Francisco, CA  94105
5   Telephone:     415.442.4810
    Facsimile:     415.442.4870
6
    Attorneys for Defendant VITRAN EXPRESS, INC., formerly
7   known as VITRAN EXPRESS WEST, INC.

        CONFORMED COPY
        OF ORIGINAL FILED
        Los Angeles Superior Court

        JUN 15 2010

        John A. Clarke, Executive Officer/Clerk
        By _____, Deputy
        DOROTHY SWAIN

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11  BRANDON CAMPBELL AND RALPH          Case No. BC437399   D-37
    MALDONADO; INDIVIDUALLY, AND ON
12  BEHALF OF MEMBERS OF THE GENERAL    [Assigned for all purposes to The Honorable
    PUBLIC SIMILARLY SITUATED, AND AS   Hon. Emilie H. Elias, Dept.]
13  AGGRIEVED EMPLOYEES PURSUANT TO
    THE PRIVATE ATTORNEYS GENERAL       ANSWER
14  ACT ("PAGA"),                                           BY FAX
15              Plaintiff,               Action Filed Date:   May 7, 2010
                                         Trial:               None set
16       vs.

17  VITRAN EXPRESS, INC., A
    PENNSYLVANIA CORPORATION
18  FORMERLY KNOWN AS VITRAN
    EXPRESS WEST, INC., A NEVADA
19  CORPORATION; AND DOES 1 THROUGH
    100, INCLUSIVE,
20
                Defendant.
21

22

23

24

25

26

27

28

8736741_1.DOC

                                                        Case No. BC437399
                              ANSWER

1    Defendant Vitran Express, Inc. ("Vitran") hereby answers the Class Action Complaint

2    (the "Complaint") filed by Plaintiffs Brandon Campbell, Ralph Maldonado et al (the "Named

3    Plaintiffs") as follows:

4                                    **GENERAL DENIAL**

5    The Complaint is not verified.  Thus, pursuant to Code of Civil Procedure Section

6    431.30(d), Vitran denies generally each and all of the allegations in the Complaint, including, but

7    not limited to, the allegations that the Named Plaintiffs purport to represent are entitled to any of

8    the relief requested, that Vitran has engaged in any wrongful or unlawful conduct, and that

9    Vitran's conduct or omissions caused any injury or damage to the Named Plaintiffs or any

10   members of any class that the Named Plaintiffs purport to represent.

11                                 **AFFIRMATIVE DEFENSES**

12   Without waiving any foregoing answers and defenses, Vitran, asserts the affirmative

13   defenses to the Complaint that follow.  For purposes of these affirmative defenses, the term the

14   "Plaintiffs" incorporates and includes the Named Plaintiffs and any and all members of any

15   putative class that the Named Plaintiffs purport to represent:

16                                **FIRST AFFIRMATIVE DEFENSE**

17   The Complaint fails to state facts sufficient to constitute an actionable claim against

18   Vitran.

19                               **SECOND AFFIRMATIVE DEFENSE**

20   The Plaintiffs has not suffered legally cognizable damages as a result of the allegations in

21   the Complaint.

22                                **THIRD AFFIRMATIVE DEFENSE**

23   The Plaintiffs' claims are barred by the applicable statute(s) of limitation, including,

24   without limitation, Cal. Code Civ. Proc. §§ 337, 338, 339, 340, and Cal. Bus. & Prof. Code §

25   17208.

26                               **FOURTH AFFIRMATIVE DEFENSE**

27   The Plaintiffs' claims are barred because they failed to exhaust internal and

28   administrative remedies, including but not limited to those provided in Cal. Lab. Code § 2699.3.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred, in whole or in part, because they were at all times exempt from the provisions of the California Labor Code governing wages, overtime pay, meal and rest break periods, and hours of employment, from the wage orders of California's Industrial Welfare Commission, and/or from any applicable federal law.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred because they failed to perform the necessary conditions to give rise to an obligation by Vitran to pay any of the claimed wages.

**SEVENTH AFFIRMATIVE DEFENSE**

Vitran acted at all times on the basis of a good faith, reasonable belief that it was in compliance with state and federal law.

**EIGHTH AFFIRMATIVE DEFENSE**

At all relevant times, Vitran performed and discharged in good faith each and every obligation owed, if any, to the Plaintiffs, acting without malice and with a good faith belief in the propriety of its conduct.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs are not entitled to any penalty award under Cal. Lab. Code §§ 203, 226, or 1174.5, or any other provision of California or federal law because at all relevant times, Vitran did not willfully, knowingly, or intentionally fail to comply with any provision of the California Labor Code or federal law, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs are not entitled to recover any punitive damages under California or federal law, and any award of penalties would in general or under the facts of the Plaintiffs' claims, violate Vitran's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the

1    due process and excessive fines clauses contained in the California Constitution.

2                   **ELEVENTH AFFIRMATIVE DEFENSE**

3        The Plaintiffs are not entitled to recover any an award of penalties pursuant to Cal. Lab.

4    Code § 2698-2699.5 to the extent that such an award would be unjust, arbitrary, oppressive, or

5    confiscatory.

6                   **TWELFTH AFFIRMATIVE DEFENSE**

7        The Plaintiffs are not entitled to any premium wages under Cal. Lab. Code §§ 226.7, 512,

8    the wage orders of California's Industrial Welfare Commission, or any other provision of

9    California law, because the Plaintiffs were at all times provided, authorized and permitted to take

10   meal breaks and rest breaks as provided by law.

11                **THIRTEENTH AFFIRMATIVE DEFENSE**

12       The Plaintiffs lack standing to bring his cause of action based on Cal. Bus. & Prof. Code

13   §§ 17200, et seq. because he has not suffered any injury in fact and has not lost money or

14   property as a result of unfair competition by Vitran.

15              **FOURTEENTH AFFIRMATIVE DEFENSE**

16       The Plaintiffs are not entitled to any penalties pursuant to his causes of action based on

17   Cal. Bus. & Prof. Code §§ 17200, et seq. because penalties are not an authorized form of relief

18   under that statute.

19                **FIFTEENTH AFFIRMATIVE DEFENSE**

20       The Plaintiffs lacks standing to bring his cause of action based on Cal. Bus. & Prof. Code

21   §§ 17200, et seq. because his claims are individual in nature and no alleged act or omission of

22   Vitran harmed or threatened to harm the public or the public interest.

23               **SIXTEENTH AFFIRMATIVE DEFENSE**

24       The Plaintiffs' cause of action based on Cal. Bus. & Prof. Code §§ 17200, et seq. is

25   barred because he has an adequate remedy at law.

26            **SEVENTEENTH AFFIRMATIVE DEFENSE**

27       The Plaintiffs' cause of action based on Cal. Bus. & Prof. Code §§ 17200, et seq. are not

28   appropriate for resolution on a representative basis and allowing such a representative claim

1   would violate the Due Process Clauses of the United States and California Constitutions.

2                           **EIGHTEENTH AFFIRMATIVE DEFENSE**

3          Vitran cannot be held liable for any alleged violation of Cal. Bus. & Prof. Code §§ 17200

4   et seq. because its actions, conduct and/or dealings with the Plaintiffs were lawful, and were

5   carried out in good faith and for legitimate business purposes.

6                           **NINETEENTH AFFIRMATIVE DEFENSE**

7          To the extent that the Plaintiffs' cause of action pursuant to Cal. Bus. & Prov. Code §§

8   17200 et seq. is based upon an alleged failure to comply with Cal. Lab. Code § 2802, such claim

9   is barred in whole or in part because the Plaintiffs failed to submit to Vitran any proof or

10  documents showing that any alleged expenditures or losses were necessary and were the direct

11  consequence of the discharge of the Plaintiffs' employment duties to Vitran.

12                          **TWENTIETH AFFIRMATIVE DEFENSE**

13         To the extent that the Plaintiffs' cause of action pursuant to Cal. Bus. & Prof. Code §§

14  17200 et seq. is based upon an alleged failure to comply with Cal. Lab. Code § 2802, such claim

15  is barred in whole or in part because any alleged expenditures or losses were not necessary

16  and/or were not the direct consequence of the discharge of the Plaintiffs' employment duties to

17  Vitran.

18                          **TWENTY-FIRST AFFIRMATIVE DEFENSE**

19         The alleged damages, injuries, and/or losses suffered by the Plaintiffs, if any, proximately

20  resulted from the negligence of parties, persons, and/or entities other than Vitran, and the

21  liability of Vitran, if any, is limited in direct proportion to the percentage of fault actually

22  attributable to Vitran.

23                          **TWENTY- SECOND AFFIRMATIVE DEFENSE**

24         The Plaintiffs' alleged damages, injuries, and/or losses were proximately caused by or

25  contributed to by the acts or omissions of others and/or by unavoidable incidents or conditions,

26  without fault on the part of Vitran, which acts, omissions, incidents and/or conditions were an

27  intervening and superseding cause of the Plaintiffs' alleged damages, injuries and/or losses, if

28  any.

### TWENTY- THIRD AFFIRMATIVE DEFENSE

To the extent that Vitran was not the employer of the Named Plaintiffs, he has not been damaged by Vitran's acts and/or omissions and such he cannot state any cognizable claim against Vitran.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrine of avoidable consequences because he unreasonably failed to take action to avoid his alleged damages, and some or all of his alleged damages would have been avoided by such action.

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred in whole or in part by his failure to exercise reasonable care and diligence to mitigate any damages allegedly incurred by him.

### TWENTY- SIXTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs has sustained any damages, such damages are reduced under the doctrines of setoff and recoupment, by any amounts owed to Vitran by the Plaintiffs.

### TWENTY- SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrines of accord and satisfaction.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the doctrines of equity, including, without limitation, unclean hands, estoppel, waiver, and laches.

### TWENTY- NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel.

### THIRTIETH AFFIRMATIVE DEFENSE

The Plaintiffs consented to any and/or all of the conduct about which they now complain.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The putative class or classes alleged in the Complaint are overbroad, ambiguous, conclusory, lacks the required community of interest, and is/are not precise, objective, or readily ascertainable.

1      **THIRTY- SECOND AFFIRMATIVE DEFENSE**

2          The Plaintiffs lacks standing to bring the claims alleged in the Complaint, both on behalf

3  of themselves and on behalf of the putative classes alleged in the Complaint.

4      **THIRTY-THIRD AFFIRMATIVE DEFENSE**

5          The Plaintiffs' representative and class allegations are barred by Vitran's right to due

6  process of law as provided by the Constitutions of the United States of America and the State of

7  California.

8      **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

9          The Plaintiffs' claims are barred because he has failed to and cannot satisfy the

10  requirements necessary to maintain a class or collective action, including, without limitation,

11  ascertainability, predominance, typicality, adequacy (both of the proposed representatives and

12  proposed class counsel), and superiority.

13      **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

14          The Complaint, and each purported cause of action therein, fails to allege facts sufficient

15  to allow recovery of attorneys' fees from Vitran.

16      **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

17          The Plaintiffs' claims based on California law are barred because they are preempted by

18  federal law, including but not limited to the Federal Aviation Administration Authorization Act

19  of 1994 (49 U.S.C. § 14501), and the Motor Carrier Safety Act (49 U.S.C. § 31501 *et seq.*).

20          WHEREFORE, Vitran prays for judgment as follows:

21      1.      That the Court deny the Plaintiffs' request to certify this action as a class action;

22      2.      That Plaintiffs take nothing by way of the Complaint;

23      3.      That the Complaint be dismissed with prejudice;

24      4.      That the Court enter judgment for Vitran and against the Plaintiffs, on all of his

25  alleged causes of action;

26      5.      That the Court award Vitran its costs and attorney fees incurred, including but not

27  limited to costs and attorney fees pursuant to California Labor Code section 218.5; and

28      That the Court grant Vitran such other and further relief as the Court deems just and proper.

1

2

3   DATED: _June  15, 2010_

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

4

5

6   By: _Michael Nader_

7   Douglas J. Farmer
Michael J. Nader

8   Attorneys for Defendant VITRAN EXPRESS,
INC., formerly known as VITRAN EXPRESS
9   WEST, INC.

10   8756741.1 (OGLETREE)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*[Case Name]*
Case No. ##

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On June 15, 2010, I served the following document(s):

**Answer**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Newport Beach, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

   ☐    the written confirmation of counsel in this action:

   ☐    [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):

   ☐    [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

0

☐   **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 15, 2010, at San Francisco, CA.

Elisabeth Egan
Type or Print Name                             Signature

8756741_1.DOC

1

## SERVICE LIST

2

3  R. Rex Parris
   R. Rex Parris Law Firm
4  42220 – 10th Street West
   Suite 109
5  Lancaster, CA 93534

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8756741_1.DOC

2

# Exhibit C

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV-10-04442-RGK(SHx) | Date | August 16, 2010 |
|---|---|---|---|
| Title | *CAMPBELL, et al v. VITRAN EXPRESS, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS)** Plaintiff's Motion to Remand (DE 8)

## I.    INTRODUCTION

On May 7, 2010, Brandon Campbell and Ralph Maldonado (collectively "Plaintiffs") filed an unverified Class Action Complaint in Los Angeles County Superior Court. The Complaint alleges violations of California Labor Code §§ 201, 202, 204, 226(a), 226.7, 512(a), and 1174(d), as well as California Business and Professions Code § 17200. On June 16, 2010, Vitran Express, Inc. ("Defendant") removed the action to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, and 1446.

Before the Court is Plaintiffs' Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiffs' Motion and hereby **REMANDS** this matter to Los Angeles County Superior Court.

## II.    FACTUAL BACKGROUND

Plaintiffs are California residents and former employees of Defendant. Defendant, a Pennsylvania corporation with its principal place of business in Pennsylvania, owns and operates approximately five service centers within California. (Kuska Decl. ¶ 8.) Defendant employed Plaintiffs and the proposed class members as city or local drivers out of its California service centers. (Compl. ¶ 29.) Plaintiffs allege that Defendant failed to provide its city and local drivers with their required meal and rest breaks, wages and benefits, accurate wage statements, and accurate payroll records.

The proposed class includes "[a]ll current and former 'City Drivers' or 'Local Drivers' or employees in similar job titles, who worked for [Defendant] within the State of California that were not paid premium wages for working through rest and meal breaks at any time during the period of four years before the filing of this Complaint to final judgment." (Compl. ¶ 29.) The parties do not dispute minimal diversity and numerosity of the class. Rather, the only immediate dispute between the parties is

the amount placed in controversy. In this regard, Plaintiffs assert in their Complaint that "[t]he maximum potential recovery as a result of this action is less than $5,000,000." (Compl. ¶ 1.)

## III.   JUDICIAL STANDARD

Under CAFA, district courts are vested with "'original jurisdiction of any civil action in which … the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant.'" *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)). After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving that the amount in controversy requirement has been met. *Lowdermilk*, 479 F.3d at 998.

There are two pertinent scenarios that dictate what level of proof the defendant must meet to show that the amount in controversy requirement has been satisfied. *Id.* (citing *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006)). In the first scenario, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" the removing defendant must prove by "a preponderance of the evidence" that the amount in controversy has been met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Lowdermilk*, 479 F.3d at 1000. In the second scenario, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Guglielmino*, 506 F.3d at 699 (citing *Lowdermilk*, 479 F.3d at 1000).

Courts have observed that "[a]lthough the precise meaning of legal certainty is not immediately apparent, it is something less than absolute certainty and more stringent than a preponderance of the evidence." *Faracchao v. Harrah's Entertainment, Inc.*, No. 06-1364, 2006 WL 2096076, at *2 n.1 (D.N.J. July 27, 2006); *see also United B. International Corp. v. Maher Terminals, Inc.*, No. 04-2116, 2006 WL 1478850, at *1 (D.N.J. May 25, 2006) ("[L]egal certainty does not mean that there must be absolute certainty.") (citation omitted). To determine whether the removing defendant has met the more stringent burden of legal certainty, the Court may consider facts in the notice of removal as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Following removal from state court, a district court has the power to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction …." 28 U.S.C. § 1447(c).

## IV.   DISCUSSION

Plaintiffs contend that this case should be remanded to state court because Defendant has failed to satisfy the $5,000,000 amount in controversy requirement. For the following reasons, the Court agrees.

### A.   The Legal Certainty Standard Applies

In *Lowdermilk*, the Ninth Circuit held that when a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the "party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." 479 F.3d at 1000; *see Green v. Staples Contract & Commercial, Inc.*, 2008 U.S. Dist. LEXIS 104364, at *8 (C.D. Cal. Dec. 10, 2008) (holding that because the "[p]laintiff has pled a sufficiently specific amount in controversy that is less than the jurisdictional minimum … *Lowdermilk* controls and the legal certainty standard applies."); *see also Davies v. Godiva Chocolatier, Inc.*, CV 10-1014, 2010 WL 2766862, at *2 (C.D. Cal. Apr. 16, 2010) ("Thus, because the FAC specifies a total amount in controversy (including attorneys' fees) less

than the jurisdictional amount, [the defendant] must show 'to a legal certainty' that the amount in controversy exceeds the jurisdictional amount.").

Here, Plaintiffs have expressly alleged that "[t]he maximum potential recovery as a result of this action is less than $5,000,000." (Comp. ¶ 1.) This allegation is functionally identical to the language found in the complaints of *Lowdermilk, Green,* and *Davies,* where the courts applied the legal certainty standard. In support of applying the lower preponderance of the evidence standard, Defendant cites to *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 697-99 (9th Cir. 2007). In that case, the Ninth Circuit held that because the complaint alleged only that "[t]he *damages* to each [p]laintiff are less than $ 75,000[,]" the complaint was facially unclear or ambiguous as to whether the requisite total amount in controversy had been pled. *Guglielmino,* 506 F.3d at 697 (emphasis added). Due to the uncertainty surrounding the complaint's intended total recovery beyond the cap on damages, the Ninth Circuit in *Guglielmino* applied the preponderance of the evidence standard. *Id.* In contrast, Plaintiffs in the current case have asserted that the 'maximum potential recovery' of their action is less than the jurisdictional minimum. Therefore, Plaintiffs have limited the total value of their entire claim, not just damages, to less than $5,000,000. Thus, the Court finds that Plaintiffs have alleged an amount in controversy less than the $5,000,000 jurisdictional threshold, and the legal certainty standard applies.

**B.**    <u>Defendant Has Not Met Its Burden To Show that the Amount in Controversy Exceeds $5,000,000</u>

Defendant contends that the Complaint places over $9,000,000 in controversy, which is well above the CAFA requirement. (Nieves Decl. Ex. A.) Applying the legal certainty standard, the court must determine whether Defendant has carried its burden of proving that the amount in controversy exceeds $5,000,000. The Court finds Defendant has not met its burden.

In addition to Plaintiffs' allegation that caps recovery, the only other allegations relevant to the calculation of the amount in controversy are as follows:

1.    Defendant "failed to provide the Plaintiffs and the other class members the required rest and meal periods during the relevant time period." (Compl. ¶ 19.)

2.    Defendant "regularly and consistently failed to provide uninterrupted meal and rest periods to Plaintiffs and the other class members." (Compl. ¶ 25.)

3.    "Defendant regularly and consistently failed to provide complete and accurate wage statements to Plaintiffs and the other class members." (Compl. ¶ 26.)

4.    "Defendant regularly and consistently failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation." (Compl. ¶ 27.)

5.    Defendant "routinely interrupted and/or failed to permit, authorize and/or provide Plaintiffs' and class members' rest breaks." (Compl. ¶ 56.)

In calculating the purported $9,000,000 amount in controversy, Defendant improperly extrapolated these limited allegations, infusing each with extensive assumptions. First, Defendant assumes, without any evidence, that each class member missed one meal period and one rest period five times per week during each of their pay periods. There is simply no evidence to support this assumption. In *Fletcher v. The Toro Company,* 2009 U.S. Dist. LEXIS 126693, at *22-23 (S.D. Cal. Feb. 3, 2009), the court held, and this Court agrees, that under the legal certainty standard, this type of calculation devoid of any concrete evidence "is insufficient." Defendant's reliance on the less stringent requirements specified in *Muniz v. Pilot Travel Centers LLC,* No. CIV. S-07-0325, 2007 WL 1302504,

at *5 (E.D. Cal. May 1, 2007) is unfounded, as that case involved the preponderance of the evidence standard.

Second, Defendant similarly assumes that it may maximize statutory penalties to establish the requisite amount in controversy. For this proposition, Defendant relies on *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008), a consumer class action case alleging the violation of California Civil Code § 1747.08, which governs credit card purchases and returns. The court in *Korn* held that because § 1747.08 awarded a maximum statutory penalty of one thousand dollars, and because the complaint alleged that every class member was "entitled to civil penalties in amounts up to one thousand dollars," the court "may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." 536 F. Supp. 2d at 1205-06 (citations omitted). The Court finds this case unpersuasive. First, in the current case, where the calculation of penalties is heavily dependant on the number of days Defendant withheld wages or statements, the Court cannot determine, without more evidence, how many days of penalty wages each class member would be entitled to. Second, the court in *Korn* employed the preponderance of the evidence standard. *See Green*, 2008 U.S. Dist. LEXIS 104364, at *11 n.1 ("[A]lthough the court in *Korn* noted that courts 'may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy is met,' this is not necessarily the case when applying the legal certainty standard."). In a case where the legal certainty standard applied, the Ninth Circuit held that even when a plaintiff alleges that "she is owed '*up to* 30 days' of penalty wages ... absent more concrete evidence [regarding the duration of violations], it is nearly impossible to estimate with any certainty the actual amount in controversy." *Lowdermilk*, 479 F.3d at 1001. Defendant in the current case has not provided the Court with evidence regarding the duration of any of the alleged violations. Therefore, the Court has no basis for using maximum statutory penalties to establish the requisite amount in controversy.

Third, Defendant also calculated maximum waiting time penalties under the assumption that each class member who was terminated was made to wait 30 days before receiving any payment. In *Pereira v. Gate Gourmet, Inc.*, No. 08-07469, 2009 WL 1212802 at *3 (C.D. Cal. Apr. 30, 2009) the court rejected this type of calculation even under the preponderance of the evidence standard. In short, the court rejected the defendant's calculations, which added each class members' daily pay at 8 hours a day for the statutory maximum 30 days. *Id.* The court held that short of more evidence regarding its wage-withholding conduct, the defendant had "not carried its burden of proof regarding subject matter jurisdiction." *Id.* at *5. This Court finds the *Pereira* holding well reasoned, and applies the same rationale to the current case.

Lastly, because such uncertainty surrounds Defendant's calculation of damages and penalties, the Court cannot find that the inclusion of a 25% attorneys' fee, which Defendant recommends, would necessarily place the amount in controversy over the $5,000,000 CAFA threshold.

In sum, absent evidence of bad faith, "there are cases–as in the instant case–in which the plaintiffs cannot anticipate from the outset the value of their case," and in such cases, "[t]hey are not obligated to overstate their damages to satisfy the defendant's interest in a federal forum, but may plead conservatively to secure a state forum." *Lowdermilk*, 479 F.3d at 1003. The Ninth Circuit has acknowledged that "CAFA's removal provision and the 'legal certainty' rule strike a balance, leaving plaintiff as master of her case, but giving defendant an option of a federal forum at the point when they can prove its jurisdiction." *Id.* While Defendant provided a great deal more evidence in its opposition to Plaintiffs' Motion to Remand, the proffered calculations are tabulated based on many assumptions. Defendant has left the Court to speculate as to the amount of unpaid wages owed. Such uncertainty cannot overcome the heavy burden of establishing removal, as "we cannot base our jurisdiction on Defendant's speculation and conjecture." *Id.* at 1002.

Thus, Defendant has failed to prove with legal certainty that the amount in controversy meets CAFA's $5,000,000 jurisdictional threshold.

## V.   <u>CONCLUSION</u>

In light of the foregoing, the Court **GRANTS** Plaintiffs' motion and hereby **REMANDS** this matter to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

Initials of Preparer    slw

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 5029 DDP (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>BRANDON CAMPBELL and RALPH MALDONADO, individually, and on behalf of members of the general public similarly situated, and as aggrieved employees pursuant to The Private Attorneys General Act ("PAGA") | DEFENDANTS<br>VITRAN EXPRESS, INC., a Pennsylvania corporation formerly known as VITRAN EXPRESS WEST, INC., a Nevada corporation |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Douglas Han, & Rex Parris Law Firm, 42220 – 10th Street West, Suite 109, Lancaster, CA 93534, Telephone: (661) 949-2595 | Attorneys (If Known)<br>Robert A. Jones, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C., Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105, Telephone: 415.442.4810 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1441 b) Diversity Jurisdiction, Employment Action

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: 2:10-cv-04442-RGK-SH

# CV11 05029

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes
If yes, list case number(s): 2:10-cv-04442-RGK-SH

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                          ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                          ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                          ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angels California | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pennsylvania |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _~~Mister Nader~~_          Date June 14, 2011

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |